IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:99-CV-1160 |
| ALCAN ALUMINUM CORPORATION | ) | (Vanaskie, J) |
| Defendant. | ) | |

## CONSENT DECREE

FILED
SCRANTON

MAR 0 7 2008

PER _____
DEPUTY CLERK

# TABLE OF CONTENTS

I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.      REIMBURSEMENT OF RESPONSE COSTS . . . . . . . . . ............ . . . . . . . . . . . . . . . 5

VI.     FAILURE TO COMPLY WITH CONSENT DECREE . . . . . . . . . . . . . . . .6

VII.    COVENANT NOT TO SUE BY PLAINTIFF . . . . . . . . . . . . . . .8

VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES . . . . . . . . 8

IX.     COVENANT NOT TO SUE BY SETTLING DEFENDANT . . . . . 9

X.      EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION . . . . 9

XI.     RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . . . . . . . 10

XII.    NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . 11

XIII.   RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . .12

XIV.    INTEGRATION/APPENDICES . . . . . . . . . . . . . . . . . . . . . 12

XV.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT . . . . 12

XVI.    SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . . . . . . . . 12

XVII.   FINAL JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . .13

## I. BACKGROUND

A.  The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Butler Mine Tunnel Superfund Site, in Pittston Township, Luzerne County, Pennsylvania. ("the Site").

B.  On September 16, 2005, this Court granted the United States' Motion for Partial Summary Judgment finding the Defendant that has entered into this Consent Decree ("Settling Defendant") liable for the costs incurred or to be incurred for response actions taken at or in connection with the Site.

C.  The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 9607, and 9613(b) and also has personal jurisdiction over Settling Defendant.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that it may have to the jurisdiction of the Court or to venue in this District.  Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.  This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3.  Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in

this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "Effective Date" shall mean the date on which this Consent Decree is entered by the Court.

f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

g. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1st of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1st of each year.

i. "Oversight Costs" shall mean, with respect to this Consent Decree, the direct costs incurred and the indirect costs allocated by EPA prior to and including March 3, 2006, in monitoring and supervising the remedial work performed by Settling Defendants at the Site pursuant to the U.S. v. Auburn Technology Inc. Consent Decree, in Civil Action 3:CV00-1912.

j. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

k. "Parties" shall mean the United States and Settling Defendant.

l. "Past Oversight Response Costs" shall mean all oversight costs that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through and including March 3,

2006, plus accrued Interest on all such costs through such date.

    m.  "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through and including the date of the lodging of this Consent Decree, plus accrued Interest on all such costs through such date.  For purposes of this settlement, the definition of Past Response Costs does not include Past Oversight Response Costs.

    n.  "Plaintiff" shall mean the United States.

    o.  "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

    p.  "Settling Defendant" shall mean Novelis Corporation, formerly known as Alcan Aluminum Corporation.

    q.  "Site" shall mean the Butler Mine Tunnel Superfund Site, located in Luzerne County, in northeastern Pennsylvania.  The Tunnel's discharge point is located on the east bank of the Susquehanna River, approximately 350 feet north of the Fort Jenkins Bridge in the City of Pittston, Pennsylvania.

    r.  "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V.  REIMBURSEMENT OF RESPONSE COSTS

4.a. Payment of Past Response Costs.  Settling Defendant shall pay to the United States $1,830,120.00 (the "Settlement Amount") in accordance with this paragraph.  Settling Defendant shall pay the Settlement Amount to the United States in three equal installments of $610,040, which includes interest on the Settlement Amount calculated at 5.02 percent per annum accruing from the Effective Date, amortized over the payment period.  Settling Defendant shall make the first installment payment within 30 days of the Effective Date.  Settling Defendant shall make the second installment payment within 150 days of the Effective Date.  Settling Defendants shall make the final installment payment within 270 days of the Effective Date.

4.b. Payment of Past Oversight Response Costs.  Settling Defendant shall pay to the United States $61,171.34 in accordance with this paragraph.  Settling Defendant shall pay the $61,171.34 to the United States in three equal installments of $20,390.45, which includes interest on the Settlement Amount calculated at 5.02 percent per annum accruing from the Effective Date, amortized over the payment period.  Settling Defendant shall make the first installment payment within 30 days of the Effective Date.  Settling Defendant shall make the second installment payment within 150 days of the Effective Date.  Settling Defendants shall make the

final installment payment within 270 days of the Effective Date

     5. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office in the Middle District of Pennsylvania following lodging of the Consent Decree.

     6. Any payments received by the United States after 4:00 p.m. Eastern Time shall be credited on the next business day. At the time of payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions) and to:

> Docket Clerk (3RC00)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029

> and

> Barbara Borden (3PM30)
> U.S. EPA Region III
> 1650 Arch Street
> Philadelphia, PA 19103-2029

     7. The total amount to be paid pursuant to Paragraph 4.a. and 4.b. shall be deposited in the Butler Mine Tunnel Superfund Site Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, including EPA's oversight, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## VI.  FAILURE TO COMPLY WITH CONSENT DECREE

     8. Interest on Late Payments. If Settling Defendant fails to make any payment under Paragraph 4.a. and/or 4.b. (Payment of Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

     9. Stipulated Penalty.

        a. If any amounts due under Paragraph 4.a. and/or 4.b. are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to

EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $3,000.00 per day that such payment is late.

      b.  Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund."  The check, or a letter accompanying the check, shall reference the name and address of the party making payment, Butler Mine Tunnel Superfund Site, EPA Region III Site Spill ID Number _____, DOJ Case Number 90-11-3-134A, and the UASO File Number.  Settling Defendant shall send the check (and any accompanying letter) to:

          U.S. Environmental Protection Agency, Region III
          Attention: Superfund Accounting
          P.O. Box 360515
          Pittsburgh, PA 15251-6515

      c. At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions) and to:

          Docket Clerk (3RC00)
          U.S. EPA Region III
          1650 Arch Street
          Philadelphia, PA 19103-2029

          and

          Barbara Borden (3PM30)
          U.S. EPA Region III
          1650 Arch Street
          Philadelphia, PA 19103-2029

      d.  Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due or on the day after noncompliance.  Penalties shall continue to accrue through the date of payment or compliance.

   10.  If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

13. Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs and Past Oversight Response Costs. This covenant not to sue shall take effect upon receipt by the United States of all payments required by Section V, Paragraph 4.a. and 4.b. (Payment of Response Costs & Payment of Past Oversight Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VIII. RESERVATIONS OF RIGHTS BY UNITED STATES

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs and Past Oversight Response Costs;

c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d. criminal liability; and

e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANT

15.  Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or its contractors or employees, with respect to Past Response Costs, Past Oversight Response Costs or this Consent Decree, including but not limited to:

a.  any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b.  any claim arising out of the response actions at the Site for which the Past Response Costs or Past Oversight Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the Commonwealth of Pennsylvania, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c.  any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs or Past Oversight Response Costs.

16.  Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40. C.F.R. 300.700(d).

## X.  EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

17.  Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

18.  The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Past Response Costs and Past Oversight Response Costs as defined in this Consent Decree.

19.  Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Settling Defendant also agrees that,

with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

20. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI. RETENTION OF RECORDS

21. Until ten (10) years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

22. After the conclusion of the ten (10) year document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver true and accurate copies of any such records to EPA. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, a true and accurate copy of the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all records that it claims to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

23. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification

of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e), 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972 regarding the Site.

## XII.  NOTICES AND SUBMISSIONS

24.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-134A/2)
P.O. Box 7611
Washington, D.C.  20044-7611

As to EPA:

Jefferie E. Garcia, Esq.
Assistant Regional Counsel (3RC42)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103

As to Settling Defendant:

Mark D. Kindt, Esq.
Associate Litigation Counsel
Novelis Corporation
6060 Parkland Blvd.
Cleveland OH, 44124

## XIII.  RETENTION OF JURISDICTION

25.  This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV.  INTEGRATION/APPENDICES

26.  This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

27.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  The United States reserves the right to withdraw or withhold the proposed consent, if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

28.  If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

29.  The undersigned representative of Settling Defendant to this Consent Decree and the Deputy Chief, Environment and Natural Resources Division of the United States Department of Justice certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

30.  Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

31.  Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XVII. FINAL JUDGMENT

32. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED, THIS __7th__ DAY OF __March__, 2008.


_____
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of U.S. V.
NOVELIS CORPORATION, fka, ALCAN ALUMINUM CORPORATION, No.3:99-CV-1160,
relating to the BUTLER MINE TUNNEL Superfund Site.

FOR THE UNITED STATES OF AMERICA:

RONALD J. TENPAS
Assistant Attorney General
Environmental & Natural Resources Division
U.S. Department of Justice

W. BENJAMIN FISHEROW
Deputy Section Chief
Environmental Enforcement Section

ROBERT E. LEFEVRE
Environmental Enforcement Section
P.O. Box 7611
Washington DC 29944-7611
(202) 616-8860
Robert.Lefevre@usdoj.gov

– 14 –

MARTIN C. CARLSON
Acting United States Attorney
Middle District of Pennsylvania


J. JUSTIN BLEWITT, JR.
Assistant United States Attorney
Middle District of Pennsylvania
P.O. Box 309
Scranton, PA 18501-0309
(570)348-2800

- 15 -

16

DONALD S. WELSH
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia PA, 19103


WILLIAM C. EARLY
Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia PA, 19103


JEFFERIE E. GARCIA
Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia PA, 19103

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of U.S. V. NOVELIS CORPORATION, fka, ALCAN ALUMINUM CORPORATION, No.3:99-CV-1160, relating to the BUTLER MINE TUNNEL Superfund Site.

.

FOR DEFENDANT NOVELIS CORPORATION
*fka* ALCAN ALUMINUM CORPORATION:

Date: September 18, 2007

Charles R. Aley
Vice President, General Counsel & Secretary
Novelis Corporation
6060 Parkland Blvd.
Cleveland, Ohio 44124